Commonwealth *v.* Cimaszewski, Appellant.

Argued November 8, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Stanton A. Berkowitz,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James Wilson* and *James T. Owens,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, March 20, 1972:
Appellant Richard Cimaszewski was tried before a judge, sitting without a jury, and convicted of attempt-

ed burglary and possession of burglary tools. Following a denial of post-trial motions, appellant was sentenced to a term of 3 to 10 years imprisonment for attempted burglary, and received a suspended sentence for possession of burglary tools. The Superior Court affirmed *per curiam*, without opinion. We granted allocatur and now reverse the conviction of possession of burglary tools and affirm the conviction of attempted burglary.[1]

It is axiomatic that where the prosecution has won the verdict at trial, appellate courts are bound to review the evidence in the light most favorable to the Commonwealth together with all reasonable inferences flowing therefrom. *Commonwealth v. Miller*, 445 Pa. 282, 284 A. 2d 739 (1971); *Commonwealth v. Ewing*, 439 Pa. 88, 264 A. 2d 661 (1970). Viewing the evidence in this light, the following appears.

At approximately eleven o'clock on the night of January 20, 1970, police officers arrived at a building known as 2313 E. Cumberland Street, Philadelphia, in response to a "burglary in progress" report pertaining to a real estate office located at that address. They found the door loose, but not openable and heard noises coming from within the building. Looking down the outside of the structure, Officer Anthony Briscella saw two men run from the rear of the building down a nearby alley. The officer jumped into his police vehicle and drove around the block to the place where the alley exits into a street. At that point Officer Briscella saw a man run from the alley. The man was later apprehended and identified as one Stanley Cimaszewski, appellant's brother. Another officer, Dewald, proceeded on foot to the rear of the property through a walkway adjoining the real estate office, and while so doing

---

[1] A co-defendant, appellant's brother Stanley, was also convicted on both charges. He did not appeal.

"heard noises coming from the fences." When he reached the rear of the structure, the officer ". . . looked down through the [adjoining back] yards and observed the defendant, Richard, standing on top of a shed roof" which was located three lots away. The officer called to the person he observed to halt, climbed over the fences separating the several yards, and apprehended appellant, who had by then climbed down to the yard. The Commonwealth's evidence also showed that a window of the real estate office had been "jimmied", and its lock broken; a flashlight which did not belong to any of the employees of the agency was found on a desk located next to an office safe.

## I. ATTEMPTED BURGLARY

Appellant challenges the sufficiency of the circumstantial evidence upon which his conviction of attempted burglary was predicated. While it is of course true that the Commonwealth must prove every essential element of a crime beyond a reasonable doubt, *Commonwealth v. Radford*, 428 Pa. 279, 236 A. 2d 802 (1968), it is equally well established that the Commonwealth may sustain this burden by means of wholly circumstantial evidence. *Commonwealth v. Sullivan*, 445 Pa. 616, 284 A. 2d 504 (1971); *Commonwealth v. Slavik*, 437 Pa. 354, 261 A. 2d 583 (1970); *Commonwealth v. Thomas*, 429 Pa. 227, 239 A. 2d 354 (1968). The line between the requisite degree of persuasion and impermissible speculation is, admittedly, sometimes difficult to draw. We are satisfied that in this case the evidence was sufficient to permit the trier of fact, here the judge, to conclude that appellant was guilty of attempted burglary beyond a reasonable doubt.

Without repeating the summary of the testimony given above, in essence it is this: A report is received by the police that a burglary is "in progress" at the

building in question; two police officers, responding immediately, hear noises coming from within the building, the front door of which has been loosened and a window jimmied; two men flee from the rear of the building, one of whom is intercepted by one officer when he emerges from an alley into a street; noises "coming from the fences" at the back of the property direct the attention of the other officer to a man on a nearby shed roof, who turns out to be the brother of the first suspect. All of this occurred in a very short space of time, a few minutes at most, and probably measurable in seconds. The trier of fact could reasonably conclude from this sequence of events that appellant had indeed been in the building and had been one of the two men seen running from it, and had then attempted escape by noisily climbing over fences separating adjoining properties, only to be detected when in a position of visibility atop the shed roof. The assignment of error on the ground of insufficiency of evidence must be dismissed.

## II. Possession of Burglary Tools

Appellant was also convicted of possession of burglary tools, a crime defined by statute: "Whoever has *in his possession* any tool . . . designed or commonly used for breaking into any . . . safe . . . [or] office . . . with the intent to use such tools . . . for any of the felonious purposes aforesaid, is guilty of a misdemeanor. . . ." (Emphasis added.) Act of June 24, 1939, P. L. 872, §904, 18 P.S. §4904. The conviction here was based altogether on evidence which established only that a flashlight had been found on the premises of the real estate office; the flashlight could not be identified as belonging to any employee in that office.

The record, then, is devoid of any evidence tying appellant to the flashlight. Whether a flashlight can

be a "burglary tool", as that term is used in the statute, need not be decided here, for we hold that the Commonwealth has failed to establish the element of possession (actual or constructive) necessary to support a conviction under the statute.

For the reasons stated above, the order of the Superior Court affirming the judgment entered by the trial court on Indictment No. 644 (possession of burglary tools) is reversed. The order of the Superior Court affirming the judgment entered by the trial court on Indictment No. 646 (attempted burglary) is affirmed. It is so ordered.

Mr. Justice ROBERTS concurs in the result.

The former Mr. Chief Justice BELL and the former Mr. Justice BARBIERI took no part in the consideration or decision of this case.