Commonwealth *v.* Bailey, Appellant.

Argued April 20, 1972.   Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John W. Packel,* Assistant Defender, with him *Francis S. Wright,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Eagen, June 28, 1972:

This is an appeal from a per curiam order of the Superior Court, affirming the judgment of sentence imposed upon appellant, Theodore Bailey, following his conviction by a judge sitting without a jury, of larceny. The sole question presented is whether the Commonwealth produced sufficient evidence to prove guilt beyond a reasonable doubt.

The record read in the light most favorable to the Commonwealth discloses the following pertinent facts.

In the afternoon of December 2, 1971, Edward Pettolina, an employee of Anthony Pettolina & Sons, saw an unidentified man take a box of hosiery from the loading dock of the warehouse of his employer, throw it over a wall surrounding the warehouse premises and then climb over the wall himself. Pettolina got into his car and drove around the wall in pursuit. He could not locate the man on the adjoining street, but approximately three minutes thereafter, he identified a man seated in the back seat of a 1964 Chevrolet, stopped about a block and a half from the warehouse, as the thief. There were five other males in the automobile, and at trial Pettolina said Bailey was the driver. Pettolina did not see the thief enter the car, nor did he see the box of hosiery in the car. Pettolina demanded the men get out of the car and open the trunk, but Bailey drove away without responding.

Approximately one hour after the foregoing incident, the police stopped a 1964 Chevrolet in response to a radio report of the theft and arrested the occupants. Bailey was at that time a passenger in the car.[1] A search of the vehicle revealed none of the stolen property and the thief was never identified.

---

[1] Bailey testifying on his own behalf, and an alibi witness, both testified he had entered the vehicle ten minutes before it was stopped by the police.

The conviction of Bailey must rest on a finding that he was either an accessory before the fact, in that he aided or abetted in the larceny, or that he was an accessory after the fact, e.g., he did some act or personally assisted the felon to escape arrest knowing the party had committed the larceny.

On the record before us, we rule the Commonwealth did not produce sufficient evidence to establish either one of these crimes beyond a reasonable doubt, thus the conviction of larceny must fall.

To sustain a conviction, the facts and circumstances which the Commonwealth prove must be such that every essential element of the crime is established beyond a reasonable doubt.[2] Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence,[3] the conviction must be based on more than mere suspicion or conjecture.[4]

Without repeating the evidence in its entirety, the essence of it is this: a larceny was committed by an unknown party; a few minutes after the crime the appellant, Bailey, was seen in the company of the alleged thief, but the stolen property was not seen; when asked to get out of the car which Bailey was driving, he drove off without responding; subsequently, Bailey was

---

[2] Cf. *Commonwealth v. Radford*, 428 Pa. 279, 236 A. 2d 802 (1968); *Commonwealth v. Finnie*, 415 Pa. 166, 202 A. 2d 85 (1964); *Commonwealth v. Carroll*, 412 Pa. 525, 194 A. 2d 911 (1963); and, *Commonwealth v. Kravitz*, 400 Pa. 198, 161 A. 2d 861 (1960).

[3] Cf. *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A. 2d 805 (1972); *Commonwealth v. Sullivan*, 445 Pa. 616, 284 A. 2d 504 (1971); *Commonwealth v. Slavik*, 437 Pa. 354, 261 A. 2d 583 (1970); and, *Commonwealth v. Thomas*, 429 Pa. 227, 239 A. 2d 354 (1968).

[4] *Commonwealth v. Cimaszewski*, supra, n. 3; *Commonwealth v. Simpson*, 436 Pa. 459, 260 A. 2d 751 (1970); *Commonwealth v. Garrett*, 423 Pa. 8, 222 A. 2d 902 (1966); *Commonwealth v. Bausewine*, 354 Pa. 35, 46 A. 2d 491 (1946); *Commonwealth v. Cohen*, 203 Pa. Superior Ct. 34, 199 A. 2d 139 (1964).

arrested and the vehicle searched, but the thief was not located, nor was the stolen property recovered.

On these facts it is clear there was insufficient evidence to convict Bailey of being an accessory before the fact. As to accessory after the fact, the most that the Commonwealth has established is Bailey was in the vicinity of the larceny in the company of the alleged felon immediately after the crime. There was no proof brought forth which established Bailey was aware the crime had been committed, or that he was aware the man in the back seat had committed the crime. The record does not support the conclusion the stolen property was in the car, or Bailey ever saw the man seated in the back seat in possession of the stolen property.

In *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966), this Court rejected the proposition that presence at the scene of a crime in the company of the alleged perpetrators is sufficient to sustain a conviction.[5] Moreover, in *Commonwealth v. Walker,* 428 Pa.

---

[5] In *Garrett,* Mr. Justice ROBERTS, speaking for the Court, stated:

"In the instant case, no attempt was made to establish appellant's guilt as a principal in the second degree or an accessory before the fact. Accordingly, it was incumbent upon the Commonwealth to establish appellant's participation in the assault and robbery. We are of the view, however, that the evidence of such participation was so weak and inconclusive that as a matter of law the inferences of fact necessary to establish guilt could not be reasonably drawn. See Commonwealth v. Libonati, 346 Pa. 504, 508, 31 A. 2d 95, 97 (1943).

"Appellant's presence on the scene, both immediately prior and subsequent to the commission of the crime, was established. This fact, however, in the absence of other evidence indicative of appellant's participation in the robbery, did not warrant submission of the case to the jury.

"The victim, while testifying to the presence of four men in the area prior to the attack, was unable to establish the actual

244, 236 A. 2d 765 (1968), this Courts on facts similar to the instant case held the evidence to be insufficient. In *Walker*, the defendant was the owner of a car used in connection with a robbery and was found in possession of bloodstained money.[6] The Court held this insufficient, since this did not directly connect Walker with the crimes. In the present case there is insufficient evidence in the record which connects Bailey with the crime, since there is no indication that he was aware the crime was committed or he knew of the existence or whereabouts of the stolen property.

The Commonwealth argues since appellant drove the car away when asked to get out and open the trunk, this establishes his guilt. See *Commonwealth v. Collins,* 440 Pa. 368, 269 A. 2d 882 (1970) ; *Commonwealth v. Osborne,* 433 Pa. 297, 249 A. 2d 330 (1969) ; *Commonwealth v. Coyle,* 415 Pa. 379, 203 A. 2d 782 (1964). We do not believe this one fact alone is sufficient, especially as in this case where the appellant is not the actual thief. To hold this to be sufficient evidence to sustain the conviction requires us to make too many assumptions not based on facts in the record. It requires us to assume that Bailey knew that a crime

number of his assailants. Under such circumstances, the inference that appellant participated in the crime is no more cogent than the version of the events contained in his statement . . . . Since, on the present record, mere presence on the scene was insufficient, such evidence was lacking. Cf. Commonwealth v. New, 354 Pa. 188, 47 A. 2d 450 (1946). Accordingly, appellant's conviction of robbery may not stand." 423 Pa. 12-13, 222 A. 2d at 905.

[6] Former Mr. Chief Justice BELL, speaking for the Court, in *Walker* reasoned: "The only admissible evidence to prove Walker's guilt was the fact that his automobile was used by the robbers in their get-away and that three of his dollar bills were bloodstained. There is no testimony or evidence by any of the eyewitnesses or bystanders which in any way connects Walker to the crime or crimes and proves his guilt beyond a reasonable doubt." 428 Pa. 249-50, 236 A. 2d at 768.

230

had been committed and the individual in the back seat had committed the crime and that the goods were in the car. Although the fact that Bailey drove the automobile away without responding to Pettolina's request to permit a search of the trunk might give rise to an inference that the stolen goods were secreted therein with Bailey's knowledge, it is just as reasonable to assume therefrom that Bailey knew nothing of the crime, and when accused of being involved in a crime of which he knew nothing about, he took flight out of fear. Convictions in criminal cases may not and will not be allowed to stand on guesswork or conjecture.

The order of the Superior Court and the judgment of sentence entered in the court of original jurisdiction are reversed and the appellant is ordered discharged.