Commonwealth *v.* Herman, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before ATKINS, P. J.

*John H. Chronister,* Public Defender, for appellant.

*Kenneth J. Sparler,* Assistant District Attorney, *Morrison B. Williams,* First Assistant District Attorney, and *Donald L. Reihart,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., April 3, 1974:

The only issue in this appeal is whether the Commonwealth presented sufficient evidence to convict appellant of the crimes of attempt with intent to commit a burglary and the possession of burglary tools.

On May 31, 1972, during the early morning hours, Kenneth Gosnell, who resides at 668 West Market Street, upon hearing a "prying" sound from outside, observed from a fourth floor window two men behaving suspiciously at a door leading into Rehmeyer's store on South Belvidere Avenue in the City of York. Gosnell summoned his wife, who confirmed her husband's observations, and she proceeded to go next door and call the police. Upon her return, and after her husband left the window, she continued to observe the men in

their activity. After a car drove by, the men terminated the activity and walked a short distance south on Belvidere Avenue, stopped on the corner of Mason Avenue for a brief time, and one of the men was seen by Mrs. Gosnell to bend over and apparently drop something in the gutter along the curb. Another witness, a Mrs. Schroll, observed the men turning the corner and proceeding west on Mason Avenue, which runs parallel to Market Street, and a half-block south of it. Other than the vague descriptions of one man wearing a light shirt and dark pants, and the other man wearing a dark shirt and light pants, the witnesses could not identify either of the individuals.

During the same interval of time two men were at the corner of Mason and Belvidere when a police car arrived. Officer Hose, driver of the car, approached the scene with his headlights off, and observed two men stooped over at the corner. The appellant and co-defendant were apprehended a short distance west on Mason Avenue from the corner of Belvidere by Officer Hose, and were dressed in the manner described by the witnesses. Upon investigation, Officer Hose and other officers found a tire iron and a large screwdriver, common burglary tools, at the corner of Mason and Belvidere where Officer Hose had observed these two men stooping. The officers also discovered that the door to Rehmeyer's store had been damaged and was held secure only by a safety chain. The door damage and marks thereon were consistent with markings from the tools the police had recovered. Appellant and co-defendant were found guilty following a jury trial.

To sustain a conviction, the facts and circumstances which the Commonwealth prove must be such that every essential element of the crime is established beyond a reasonable doubt.[1] Although the Common-

---

[1] Cf. *Commonwealth v. Radford*, 428 Pa. 279, 236 A. 2d 802 (1968) ; *Commonwealth v. Finnie*, 415 Pa. 166, 202 A. 2d 85 (1964).

wealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence,[2] the conviction must be based on more than mere suspicion or conjecture.[3] It is sufficient if the circumstances are consistent with criminal activity even though they might likewise be consistent with innocent behavior. *Commonwealth v. LaRue*, 381 Pa. 113, 112 A. 2d 362 (1955); *Commonwealth v. Gibson*, 201 Pa. Superior Ct. 573, 193 A. 2d 690 (1963).

"[T]he test in determining if the evidence is sufficient to sustain a criminal conviction is, whether accepting as true all of the evidence of the Commonwealth, and all reasonable inferences arising therefrom, upon which the [fact finder] could properly have reached its verdict, was it sufficient in law to prove beyond a reasonable doubt that the appellant was guilty of the crime of which he stands convicted." *Commonwealth v. Burton*, 450 Pa. 532, 534, 301 A. 2d 599, 600 (1973).

We are convinced that upon viewing the evidence in the light most favorable to the Commonwealth, appellant's guilt was established beyond a reasonable doubt. It has been often held that the mere presence of a defendant at or near the scene of the crime, without more, is not a sufficient circumstance upon which guilt may be predicated. *Commonwealth v. Bailey*, 448 Pa. 224, 292 A. 2d 345 (1972); *Commonwealth v. Garrett*, 423 Pa. 8, 222 A. 2d 902 (1966); *Commonwealth v. Craft*, 215 Pa. Superior Ct. 477, 258 A. 2d 537 (1969).

[2] Cf. *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A. 2d 805 (1972); *Commonwealth v. Sullivan*, 445 Pa. 616, 284 A. 2d 504 (1971).

[3] *Commonwealth v. Cimaszewski*, supra, n.2; *Commonwealth v. Simpson*, 436 Pa. 459, 260 A. 2d 751 (1970); *Commonwealth v. Garrett*, 423 Pa. 8, 222 A. 2d 902 (1966); *Commonwealth v. Cohen*, 203 Pa. Superior Ct. 34, 199 A. 2d 139 (1964).

However, we believe that the evidence in this instance shows more than mere presence. See *Commonwealth v. Moore,* 226 Pa. Superior Ct. 32, 311 A. 2d 704 (1973).

The testimony of Mr. and Mrs. Gosnell established the fact that the two men attempted to break into a door of Rehmeyer's store. They heard noises and observed activity by two men consistent with an attempt to force the store door. Later investigation by the police revealed damage to the door caused by recent prying.

Mrs. Gosnell, and another witness, Mrs. Schroll, testified that the appellant and co-defendant apprehended by police were dressed as the men who were observed at the door of the store and walking along Belvidere Avenue. Although the two ladies were not able to identify the men, the lower court's opinion correctly notes that this was not conclusive: "While not one of the witnesses observed these men continuously from the time they were first seen at the store door until they were apprehended by the police, they were under the observation of one or the other of the witnesses during all of the time. None of the witnesses observed anyone else other than the two men in question. In other words there were never any other individuals who appeared within the vision of the witnesses who fit the description of the men at the store door." Indeed, the record reveals there was no other traffic, either pedestrian or vehicular, in this same time period.

The testimony of the witnesses also established that appellant and the co-defendant were in possession of burglary tools. While the two men were by the door, Mrs. Gosnell noticed that one man was holding something "black in his hand at the top and one [hand] at the bottom," and when they walked away from the door, one man apparently dropped something in the gutter. Officer Hose also observed appellant and co-

defendant apparently dropping something into the gutter at the same spot, which was later discovered to be the location of the burglary tools.

The record is such that the witnesses have given testimony, viewed in the light most favorable to the Commonwealth's case, that establishes by time, location, identity and sphere of observation that the jury could have fairly concluded that the appellant and the co-defendant were attempting to break the door in order to gain entrance to the store and in furtherance of this goal, were in possession of burglary tools.

Affirm the judgment of sentence of the lower court.