386 A.2d 117
**COMMONWEALTH of Pennsylvania**
v.
**David Allen EDDINGTON, Barry J. Cimorelli, Michael J. Roberts, Raymond Joseph Moretti.**

**Appeal of Raymond Joseph MORETTI.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided April 28, 1978.

John C. Marston, Cornwells Heights, for appellant.

Stephen B. Harris, First Assistant District Attorney, Warrington, and Kenneth G. Biehn, District Attorney, Doylestown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant and three codefendants were convicted of burglary, theft and conspiracy. On appeal, appellant challenges the sufficiency of the evidence.

In appraising the sufficiency of evidence, we must apply a two-step test. First we must regard the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could properly have based its verdict; then we must ask whether that evidence, with all reasonable inferences from it, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Thomas*, 465 Pa. 442, 350 A.2d 847 (1976); *Commonwealth v. Oates*, 448 Pa. 486, 295 A.2d 337 (1972). Guilt may be proved by wholly circumstantial evidence, *Commonwealth v. Cimaszewki*, 447 Pa. 141, 288 A.2d 805 (1972); *Commonwealth v. Santana*, 216 Pa.Super. 183, 264 A.2d 724

(1970), but it may not be conjectured, *Commonwealth v. Bailey*, 448 Pa. 224, 292 A.2d 345 (1972).

Regarded in the light most favorable to the Commonwealth, the evidence may be summarized as follows.

On November 13, 1975, at about 2:30 a. m., Officers Christopher McAteer and David Kane of the Bristol Township Police Department were on routine patrol; it was raining heavily. As they approached the Midway Shopping Center, McAteer saw a man carrying a large box emerge from an alley; the man placed the box on the ground about a foot away from the back of an old Cadillac hearse parked in the street. McAteer saw that as the man put the box down his face was directed toward the police car, and that he turned immediately and walked back into the alley.[1]

The officers circled the block. When they returned to the alley, they noticed that the box was no longer behind the hearse but had been moved under the awning of one of the buildings at the corner of the street and the alley. The officers also saw four men walking in a group down the alley toward the street. One of them was appellant. While McAteer stopped the men and asked them for identifications, Kane investigated the alley and found three more large boxes piled up there. Kane also discovered an apparent break-in at a walk-in freezer attached to a grocery store. The door to the freezer had been locked by a padlock, but the striker plate had been removed so that the door could be opened. The contents of the freezer were in disorder and there were wet footprints on the floor, although the footprints had no distinguishing characteristics.

All four boxes contained frozen fish and other products, which the grocery store owner, by stipulation, identified as contents of the freezer. The box under the awning was dry; the three boxes in the alley were wet but not soaked, although, as mentioned, it was raining heavily. The Cadillac hearse was owned by appellant. Appellant and the three other men had no rain gear and appeared quite wet. No

1. The man was later identified as appellant's codefendant Barry J. Cimorelli.

28

tools were discovered. No other persons were seen in the vicinity.

■ As appellant notes, evidence of mere presence at the scene of a crime is not sufficient circumstantial evidence to sustain a finding of guilt. *Commonwealth v. Bailey, supra, Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966); *Commonwealth v. Keller,* 249 Pa.Super. 384, 378 A.2d 347 (1977). If conjecture is to be avoided, there must be additional evidence linking the defendant to the crime itself. Here, in addition to evidence of appellant's presence, there was evidence that appellant's companion placed stolen groceries next to appellant's vehicle. Also, the evidence that four boxes in all had been removed from the freezer permitted the inference that all four men were involved. The jury could reasonably have concluded that three of the men were preparing to take the boxes out of the alley when the fourth, Cimorelli, returned from the street and warned them of the presence of the police car. The evidence that the boxes were relatively dry, and the further evidence that no one else was around, tended to negate the assertions, made at trial, that someone else had removed the boxes from the freezer and left them in the alley.

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.