417 A.2d 715

**COMMONWEALTH of Pennsylvania**

**v.**

**Mark PERTSCHI, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1979.

Filed Jan. 4, 1980.

Mel D. Kardos, Assistant Public Defender, Doylestown, for appellant.

Kenneth G. Biehn, District Attorney, Doylestown, submitted a brief on behalf of Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

VAN der VOORT, Judge:

On November 4, 1976, at approximately 12:45 A.M., Officer Raymond Jacquelin of the Buckingham Township police was in his patrol car making his customary inspection of the Buckingham Shopping Center, when he spotted appellant and another individual on a rear stairway leading up to the service entrances of the stores. The two men were lying on the stairs, facing the stairs and the upward-sloping ground below. While Officer Jacquelin was questioning the two men, a call came in over the police radio reporting that an alarm had been tripped at the Buckingham Pharmacy, one of the six to eight stores in the shopping center. Officer Jacquelin arrested the men and conducted a search of the area, discovering a hammer and folded paper bag on the ground beneath the steps, within arm's length of where the

two men had been found. Although it had rained earlier and the ground was wet under the stairs, these two objects were dry. A search by another police officer, Detective Steven Daniels, at approximately 1:00 A.M., turned up a leather glove and a sock, both dry, in the same area below the steps. A daylight search later disclosed a pair of surgical gloves in the same area.

A day or so later, Detective Daniels was speaking with appellant's father in appellant's presence, when appellant remarked that there had been a third subject, Mark Kosminoski of Clementon, New Jersey, who had been "the driver of the car that night", and that Kosminoski had probably left the scene because he saw the police car coming. (No such car had been noticed by Officer Jacquelin).

Appellant was tried and found guilty by a jury of attempted burglary, possession of instruments of crime (the hammer, sock, and glove), and conspiracy, and was sentenced to a term of one to twelve months imprisonment. The case is before us on direct appeal.

At the trial, in addition to the testimony of Officer Jacquelin and Detective Daniels (upon which testimony the preceding recitation of facts was based), the Commonwealth presented the testimony of Jacqueline Croce, who had been on duty at Holicong Locksmith on the night in question. Ms. Croce testified that at approximately 12:48 A.M. an alarm went off where she was working, alerting her that something or someone had set off a motion detector at the Buckingham Pharmacy. Ms. Croce notified the Buckingham police, which apparently resulted in the call which Officer Jacquelin received while questioning appellant and his companion.

Appellant argues that the evidence was insufficient to convict him of any of the charges. We have examined the record, keeping in mind appellant's specific arguments, and we find that the record does support the convictions. The jury could have found that the Buckingham Pharmacy was the target of the burglary (rather than one of the other stores), and also that appellant took a "substantial step"

toward the commission of a burglary, based on the fact that an alarm was tripped at the pharmacy immediately prior to the time that appellant and his companion were spotted on the steps by Officer Jacquelin. Circumstantial evidence (the time of night; the proximity of the hammer, bag, and glove; the use of the rear service entrance stairs; the effort to avoid being seen by Officer Jacquelin; the use of a third individual who drove away without appellant and his companion; the tripping of the pharmacy burglar alarm just before or just as Officer Jacquelin spotted the two men from his patrol car) was sufficient to prove appellant's intent to commit burglary. See *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972). Under the circumstances, the jury was justified in finding that appellant was in constructive possession of instruments of crime. See *Commonwealth v. Jackson*, 261 Pa.Super. 355, 396 A.2d 436 (1978); *Commonwealth v. Allen*, 466 Pa. 474, 353 A.2d 452 (1976); *Commonwealth v. Herman*, 227 Pa.Super. 326, 323 A.2d 228 (1974); *Commonwealth v. Hardick*, 475 Pa. 475, 380 A.2d 1235 (1977). The conspiracy was established inferentially by testimony showing the conduct of appellant and his companion, the circumstances of their discovery, and the proximity to them of items which would be useful in a burglary. See *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976).

Judgment of sentence affirmed.

WIEAND, J., files a concurring and dissenting statement.

WIEAND, Judge, concurring and dissenting:

Under existing law, a hammer is not an instrument of crime. *Commonwealth v. Rios*, 246 Pa.Super. 479, 371 A.2d 937 (1977). Similarly, neither a sock nor a glove, whether leather or rubber, is an instrument of crime. Therefore, I would arrest judgment on the conviction for possessing instruments of crime. The evidence to convict of conspiracy and attempted burglary, however, was adequate, and those convictions I would affirm.