435 A.2d 223
**COMMONWEALTH of Pennsylvania**

v.

**Frank JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Sept. 25, 1981.

Joseph M. Casey, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, SHERTZ and WIEAND, JJ.

WIEAND, Judge:

Frank Jones, a juvenile, was adjudicated delinquent on a charge of burglary. On appeal he contends that the evidence was insufficient to support the court's finding. We agree.

The evidence produced at the delinquency hearing disclosed that at approximately five o'clock on the morning of November 29, 1978, Police Officer Charles Tapper received a radio call instructing him to proceed to a grocery store on the corner of 18th and Fontain Streets in Philadelphia.[1] Because another patrol car was approaching from the direction of Fontain Street, Officer Tapper proceeded to the scene by way of Page Street. He observed appellant emerging from an alley at the end of the block behind the grocery store. The officer testified that appellant came tearing out of the alley and started up Page Street. Appellant then changed direction, cutting across a lot toward Norris Street, and headed toward the rear of his home, where he was apprehended. Officer Tapper took appellant to the grocery store, where it was discovered that a window grating and pane had been broken. Several cartons containing eggs were found in the alley behind the grocery store. Officer Tapper testified that he saw no one else either in the alley or on the street. The prosecutor and appellant's counsel stipulated that the grocery store owner, if called, would have testified that his store, at 2027 North 18th Street, Philadelphia, had been entered without his permission and that forty-five dollar's worth of eggs had been taken.

1. It is significant that the radio instructions did not contain a statement that a burglary was then in progress at the grocery store. Cf. *Commonwealth v. Stanley*, 453 Pa. 467, 472-73, 309 A.2d 408, 412 (1973).

72

■ The test for determining the sufficiency of the evidence to support a conviction is "whether accepting as true all the evidence, together with all reasonable inferences therefrom upon which the [factfinder] could properly have based its verdict, such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 348, 353 A.2d 387, 389 (1976), quoting from *Commonwealth v. Carbonetto*, 455 Pa. 93, 95, 314 A.2d 304, 305 (1974); *Commonwealth v. Green*, 464 Pa. 557, 565, 347 A.2d 682, 686 (1975). In addition, we are to consider the evidence in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Ilgenfritz*, supra; *Commonwealth v. Green*, supra; *Commonwealth v. Rife*, 454 Pa. 506, 509, 312 A.2d 406, 408 (1973).

■ Circumstantial evidence alone may be sufficient to establish guilt beyond a reasonable doubt. *Commonwealth v. Lewis*, 472 Pa. 235, 243, 372 A.2d 399, 403 (1977); *Commonwealth v. Simpson*, 436 Pa. 459, 463, 260 A.2d 751, 754 (1970). In such case, however, " 'the theme of guilt must flow from the facts and circumstances proved, and be consistent with them all.' *Commonwealth v. Clinton*, 391 Pa. 212, 218, 137 A.2d 463, 466 (1958). If the conviction is based wholly on . . . suspicion and conjecture, it cannot stand. *Commonwealth v. Townsend*, 428 Pa. 281, 286–87, 237 A.2d 192, 195 (1968); *Commonwealth v. Garrett*, 423 Pa. 8, 12, 222 A.2d 902, 905 (1966); *Commonwealth v. Deyell*, 399 Pa. 563, 567, 160 A.2d 448, 450 (1960); and, *Commonwealth v. Clinton*, supra." *Commonwealth v. Lewis*, supra, quoting from *Commonwealth v. Simpson*, supra 436 Pa. at 464, 260 A.2d at 754.

■ It is well established that the mere presence of a person at the scene of a crime is insufficient to prove his involvement. *Commonwealth v. Goodman*, 465 Pa. 367, 370–71, 350 A.2d 810, 811–12 (1976); *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Stanley*, 453 Pa. 467, 471, 309 A.2d 408, 411 (1973); *Commonwealth v. Garrett*, 423 Pa. 8, 13, 222 A.2d 902, 905 (1966). Presence at the scene is not rendered sufficient by additional evidence of

flight from the general location where the crime was committed. *Commonwealth v. Goodman,* supra; *Commonwealth v. Roscioli,* supra; *Commonwealth v. Keller,* 249 Pa.Super. 384, 388–89, 378 A.2d 347, 349–50 (1977). Such proof "is as consistent with fear as with guilt [and] does not convert presence into proof of guilt." *Commonwealth v. Goodman,* supra 465 Pa. at 371, 350 A.2d at 811. It "is as consistent with the inference that appellant innocently happened upon the scene and fled out of fear as it is with the inference that appellant was a participant in the burglary." Id., 465 Pa. at 371, 350 A.2d at 812. See also: *Commonwealth v. Keller,* supra.

█ In the instant case, appellant was not observed at the scene of the crime. Instead, he was observed for the first time as he was running from an alley, approximately one block from the site of the burglarized store. These facts are even less persuasive than those in *Commonwealth v. Roscioli,* supra, and *Commonwealth v. Goodman,* supra. In *Roscioli,* the Court held that defendant's presence at a telephone booth near a restaurant window, the pane of which had been removed intact by scraping away the connecting putty and through which persons had apparently entered to commit a burglary, was too weak to connect defendant with the commission of the crime. In *Goodman,* evidence revealed the defendant's presence at and flight from the actual building being burglarized at the approximate time of the crime's occurrence. This was held to be insufficient to sustain a finding of guilt.

The Commonwealth seeks to distinguish *Goodman* and *Roscioli* on the grounds that in those cases other persons had been observed at the scenes of the crimes and could possibly have perpetrated the offenses without the defendant's complicity. By contrast, the Commonwealth points to the testimony of Officer Tapper, who testified in the instant case that he saw no one else in the street when he witnessed the appellant emerge onto Page Street from the alley behind the store. From this additional fact, plus the relatively early hour of the incident, i.e., 5:10 A.M., the Commonwealth

contends that a valid inference can be drawn that appellant committed the burglary.

The vantage point from which Officer Tapper made his observation was Page Street, however, and his testimony established only that no other persons were present on Page Street. There was no evidence whatsoever to show either the presence or absence of other persons at the store itself or at any point on Fontain or other neighboring streets. The officer who approached the Fontain Street entrance to the alley and who, presumably, had an opportunity to witness events in the immediate area of the store, did not testify. Consequently, the record does not support the Commonwealth's argument that appellant was the only person in the area of the burglarized store. The relatively early hour of the day, although not wholly lacking in probative value, was insufficient to transform the Commonwealth's suspicious circumstances into proof beyond a reasonable doubt.[2]

In short, the Commonwealth's evidence showed merely that the juvenile appellant, at an early morning hour, was observed running from an alley which led to the rear of a store which had been burglarized. This was insufficient to prove that he was the burglar.

The adjudication of delinquency, therefore, is reversed, and appellant is discharged.

SHERTZ, J., files a dissenting statement.

SHERTZ, Judge, dissenting:

This case illustrates, rather clearly, the validity of the observation by Mr. Justice Pomeroy, that the line between the requisite degree of persuasion and impermissible specu-

2. The cases relied upon by the Commonwealth contain circumstances in addition to presence at the scene of a crime or flight therefrom which permitted an inference that the defendant was also a perpetrator of the criminal act. See: *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972); *In the Interest of Hector Gonzalez*, 255 Pa.Super. 217, 386 A.2d 586 (1978); *Commonwealth v. Eddington*, 255 Pa.Super. 25, 386 A.2d 117 (1978); *Commonwealth v. Fontana,* 230 Pa.Super. 463, 327 A.2d 154 (1974); *Commonwealth v. Herman*, 227 Pa.Super. 326, 323 A.2d 228 (1974).

lation is, admittedly, sometimes difficult to draw. *Commonwealth v. Cimaszewski*, 447 Pa. 141, 143–44, 288 A.2d 805, 806 (1972). I am satisfied that the evidence was sufficient to prove that appellant committed the burglary. *Commonwealth v. Eddington*, 255 Pa.Super. 25, 386 A.2d 117 (1978); *In the Interest of Hector Gonzalez*, 255 Pa.Super. 217, 386 A.2d 586 (1978). Accordingly, I would affirm the adjudication of delinquency.