450 A.2d 701

**COMMONWEALTH of Pennsylvania**

v.

**Robert F. McCORMICK, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 6, 1981.

Filed Sept. 10, 1982.

James J. Riley, Pottsville, for appellant.

Richard B. Russell, District Attorney, Pottsville, for Commonwealth, appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

CAVANAUGH, Judge:

Appellant, Robert F. McCormick, Jr., was convicted by a Schuylkill County jury of burglary[1] and theft by unlawful taking.[2] After the denial of post-verdict motions, appellant was sentenced to 11 to 22 months imprisonment, and to pay restitution to the victim, for burglary; sentence was suspended on the theft conviction. Appellant's sole contention in this appeal is that the evidence was insufficient to sustain his convictions. We agree and, accordingly, vacate the judgments of sentence and discharge appellant.

In deciding the sufficiency of evidence, we must accept as true all the evidence, and the reasonable inferences therefrom, upon which the factfinder could have based its verdict and then ask whether that evidence, viewed in a light most favorable to the Commonwealth as verdict winner, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Stockard*, 489 Pa. 209, 212–213, 413 A.2d 1088,

1. The crime of burglary is defined as follows:
 A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.
 18 Pa.C.S.A. § 3502(a).

2. The crime of theft by unlawful taking or disposition is defined as follows:
 (a) Movable property.—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.
 (b) Immovable property.—A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.
 18 Pa.C.S.A. § 3921.

1090 (1980); *Commonwealth v. Cannon,* 297 Pa.Super. 106, 109, 443 A.2d 322, 323 (1982). It is settled law that while guilt may be proved by direct or circumstantial evidence, it may not rest upon mere suspicion or conjecture. *Commonwealth v. Jones,* 291 Pa.Super. 69, 72, 435 A.2d 223, 225 (1981); *Commonwealth v. Beauford,* 286 Pa.Super. 297, 300, 428 A.2d 1000, 1002 (1981). Using this standard, the facts adduced at appellant's trial may be summarized as follows:

The victim, Mark Bevan, lived alone in a first floor apartment at 1441 Howard Avenue in Pottsville, Pennsylvania. On the evening of April 1, 1980, appellant, whom the victim has known for several years, dropped by for a visit. While talking to appellant, Bevan went to his bedroom closet and took some cash from a hiding place inside a pair of jeans. The evidence does not make clear whether appellant observed Bevan removing the money. Shortly thereafter, the two men left the victim's apartment together and appellant drove away in his girlfriend's cream-colored Plymouth. Bevan later returned to his apartment and placed $350 in his closet hiding place, leaving a total of approximately $450.

The following morning, the victim locked his apartment and left for work. At approximately 11:40 a.m., appellant called the victim's place of employment and spoke to Brian Bevan, Mark's brother. Appellant asked if the victim was at work and, when told that he was, asked that Mark call him at lunch time. At trial, Brian testified that he had spoken to appellant at a similar hour on five or six occasions in the past. Mark returned appellant's phone call shortly after noon but received no answer.

At 11:45 a.m. on April 2nd, the victim's upstairs neighbor, Ervin Bisel, looked outside his window and saw a woman, carrying a tan bag, leave the apartment building and enter a cream-colored Plymouth. At noon, Bisel saw appellant go into the main entrance of the building and exit running two to three minutes later. In his hands was a small tan package which he did not have upon entering the building. Appellant drove away in the same cream-colored Plymouth that Bisel saw earlier. Although suspicious, Bisel did not

investigate whether anything amiss had occurred. He did glance at the front door of the victim's apartment when he left the building at 2:30 p.m., but did not notice anything unusual.

Howard Rowan also testified for the Commonwealth that, between 11 a.m. and noon on April 2nd, he saw appellant walking casually in front of 1441 Howard Avenue. Appellant did not appear to be carrying anything when Rowan saw him.

Mark Bevan arrived at his apartment at approximately 3:30 p.m. and noticed that his front door and a living room window were open. He also found that the $450 was missing from his closet along with $50 in change that he kept in a jar on his dresser. After talking to Bisel, Bevan went to appellant's home and confronted him with the break-in. Appellant denied the victim's accusations but later, when he returned with Bevan to 1441 Howard Avenue and was identified by Bisel, admitted that he had been outside the apartment building that day. He continued to deny that he had been inside Bevan's apartment.

Appellant remained with the victim until the arrival of the police. After an on-the-scene investigation revealed a popped lock on the living room window, police officer Robert Freiler concluded that a forced entry had been made through the window. The window was on the east side of the apartment building apparently not visible from Ervin Bisel's observation point upstairs. There was no sign of forced entry at the front door of Bevan's apartment. Appellant was then placed under arrest. No money was found on his person.

After the Commonwealth presented its case, appellant demurred to the evidence on the grounds that it was insufficient. That motion was denied. Appellant then presented no trial defense, instead asking for a directed verdict. That motion was also denied.

In this appeal, appellant again argues that the foregoing evidence proves only his presence at the crime scene and

nothing more. Since mere presence, standing alone, is insufficient to prove appellant's guilt, *Commonwealth v. Goodman,* 465 Pa. 367, 370, 350 A.2d 810, 811 (1976); *Commonwealth v. Jones,* 291 Pa.Super. at 72, 435 A.2d at 225, appellant contends that he is entitled to a discharge.

The lower court, in its opinion, considered the following evidence to support the jury's guilty verdict:

> In considering the facts set forth supra, the jury could have inferred that the defendant knew the exact location of the victim's money; that he telephoned Bevan's place of work to make certain that Bevan was not at home; that since he knew the location of Bevan's money he was able to enter the apartment, disturb nothing therein except the clothing in the closet and, within a short period of time thereafter exited the apartment with a small package under his arm. Moreover, denying that he was at Bevan's apartment that day, the defendant exhibited signs of guilt... (Opinion of Lower Court at 3–4).

While the scope of our review is limited, we are unable to conclude that this evidence raises anything more than conjecture that appellant committed the crimes with which he was charged.

First, we do not agree that the jury could have inferred, from the fact that appellant was in the victim's bedroom on April 1st when the victim took money from his closet, that appellant knew the exact location of the money. The evidence does not establish that appellant saw Bevan go into his closet or, even assuming that he did, that appellant knew Bevan went there to remove money hidden inside. Second, the testimony of Brian Bevan indicates that it was not unusual for appellant to telephone the victim at work around the lunch hour. Thus, it cannot be inferred, from the fact that appellant phoned the victim near lunch time on April 2nd, that he did so in order to ascertain whether the victim was at home. Third, since no inference can be made that appellant knew where Bevan's money was hidden, we similarly cannot infer guilt from Bisel's testimony that appellant entered the building and exited a short time later

with a package. In this regard, we note that Howard Rowan, who also observed appellant outside 1441 Howard Avenue, testified that appellant was not carrying a package. Finally, while appellant did not readily admit to being in the vicinity of the victim's apartment, he was apparently willing to accompany the victim back to the crime scene and face his accuser, Bisel. Under these circumstances, we are reluctant to conclude, as does the court below, that appellant's behavior exhibited signs of guilt.

We find other problems with the evidence presented by the prosecution as well. Most notably, we are troubled by Bisel's testimony that he saw an unidentified woman leave the premises fifteen minutes before appellant's arrival and that she, too, was carrying a package. This evidence makes it plausible that she, and not appellant, committed the instant crimes. The Commonwealth's failure to eliminate the possibility of another intruder makes this case distinguishable from *Commonwealth v. Payne,* 299 Pa.Super. 378, 445 A.2d 804 (1982) (Brosky, J. dissenting). Furthermore, in that case, it was proved that defendant knew the precise location of the item later discovered to be missing. Here, on the other hand, it is far from clear that appellant knew where Bevan's money was hidden or that he knew money was hidden at all.

In short, the facts before us present a classic "mere presence" situation. We are persuaded that the Commonwealth was able to prove only that appellant was outside 1441 Howard Avenue on August 2nd. Defendants have been discharged on the basis of insufficient evidence in stronger factual cases. *See, e.g., Commonwealth v. Goodman, supra; Commonwealth v. Roscioli,* 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Jones, supra.*

The possible scenarios which might have occurred here are endless and it is not within our province to guess which one is most likely. We must decide only if the evidence was sufficient to prove beyond a reasonable doubt that appellant burglarized the victim's apartment. We find that it does not.

The judgments of sentence are, therefore, vacated and appellant is discharged.[3]

___

**3.** Although not raised, and unnecessary to our disposition of this appeal, we note that 18 Pa.C.S.A. § 3502(d) precludes appellant's conviction both for burglary and for the offense it was his intent to commit after the burglarious entry.