**[J-88-2017] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.B. | : | No. 31 WAP 2017 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: J.B. | : | Court entered September 1, 2016 at |
| | : | No. 980 WDA 2015, affirming the |
| | : | Order of the Court of Common Pleas |
| | : | of Lawrence County entered May 18, |
| | : | 2012 at No. 113 of 2011, JUV. |
| | : | |
| | : | ARGUED:  November 29, 2017 |

**CONCURRING OPINION**

**JUSTICE MUNDY**                                      **DECIDED:  JULY 18, 2018**

I agree with the Majority that the evidence introduced at Appellant's adjudicatory hearing was insufficient, as a matter of law, to establish his delinquency beyond a reasonable doubt.  As the Majority comprehensively concludes, the body of evidence when viewed as a whole was equally consistent with two plausible possibilities.  Majority Opinion at 29 (citing *Commonwealth v. Woong Knee New*, 47 A.2d 450, 468 (Pa. 1946) ("When two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, a jury must not be permitted to guess which inference it will adopt, especially when one of the two guesses may result in depriving a defendant of his life or his liberty.")).  Therefore, I agree the Commonwealth failed to meet its burden of establishing Appellant's guilt beyond a reasonable doubt.

I write separately to emphasize that today's decision does not alter the standard for circumstantial evidence.  "It is hornbook law that the Commonwealth may prove its case using wholly circumstantial evidence, and that circumstantial evidence can itself be sufficient to prove any or every element of the crime."  *Commonwealth v. Burno*, 154 A.3d

764, 792 (Pa. 2017) (citing *Commonwealth v. Perez*, 93 A.3d 829, 841 (Pa. 2014)). In *Commonwealth v. Cimaszewski*, 288 A.2d 805 (Pa. 1972), this Court noted that when reviewing circumstantial evidence "[t]he line between the requisite degree of persuasion and impermissible speculation is, admittedly, sometimes difficult to draw." *Id.* at 806. "There is no general rule to determine the quantity of circumstantial evidence necessary to overcome the presumption of innocence[.]" *Commonwealth v. Karmendi*, 195 A. 62, 67 (Pa. 1937). "In determining the sufficiency of the evidence, be it direct or circumstantial, the test is whether, accepting as true all of the evidence and all reasonable inferences arising therefrom, upon which, if believed, the jury could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Whitaker*, 269 A.2d 886, 887 (Pa. 1970) (citing *Commonwealth v. Myers*, 266 A.2d 756 (Pa. 1970), and *Commonwealth v. Commander,* 260 A.2d 773 (Pa.1970)).

The jury or the trial court sitting without a jury are the ultimate fact-finders. The instant matter is the atypical situation where upon appellate review, the evidence although found sufficient by the fact-finder, when viewed in its entirety is deemed insufficient as a matter of law. *Commonwealth v. Kennedy*, 789 A.2d 731, 732 (Pa. Super. 2001) (quoting *Commonwealth v. Seibert*, 622 A.2d 361, 363 (Pa. Super. 1993) ("The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the question of any doubt is for the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.")). Recognizing the extraordinary nature of this case, I join the Majority.

Justice Baer joins this concurring opinion.