Commonwealth *v.* White, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*James Garrett* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

Appellant Thomas White was indicted and tried at February Term 1972, Nos. 406-408, Court of Common Pleas of Philadelphia County, for attempt with intent to kill, carrying firearms on a public street, and playfully pointing and discharging a deadly weapon. The charges arose out of an incident which occurred on December 25, 1971, shortly after midnight, when during what the trial judge described as a Dodge City-style neighborhood quarrel, appellant fired a handgun from the front steps of his mother's house in the direction of several neighbors. At a trial on May 24, 1972 before the Honorable Joseph L. McGLYNN, JR., sitting without a jury, three witnesses testified that they saw appellant fire the gun. Two of these witnesses specifically testified that they saw appellant "point" the gun. The trial judge found appellant guilty of the charges and sentenced him to not less than one year nor more than two years. The issue presented to this Court is whether the evidence presented by the Commonwealth was sufficient to convict appellant of attempt with in-

tent to kill, specifically, whether the Commonwealth had demonstrated appellant's *intent* to commit murder.[1]

In *Commonwealth v. Harris*, 194 Pa. Superior Ct. 600, 169 A. 2d 576 (1961), we affirmed per curiam on the opinion of the lower court a conviction under 18 P.S. §4711 for shooting with intent to murder. The lower court had found the requisite intent to murder from the fact that the defendant had fired four shots from a gun, directly down a narrow alley at a police car in which a police officer was sitting. (All four shots missed the police officer). In *Commonwealth v. DelMarmol et al.*, 206 Pa. Superior Ct. 512, 516, 214 A. 2d 264, 266 (1965), *allocatur denied*, a burglary case, this Court stated that "Felonious intent . . . may be inferred from actions as well as words provided those actions bear a reasonable relation to the commission of the felony." See also *Commonwealth v. Reynolds*, 208 Pa. Superior Ct. 366, 222 A. 2d 474 (1966). In the case before this Court, appellant was seen to "point" and fire a deadly weapon in the direction of several neighbors. Testimony indicated that the bullet narrowly missed striking the head of one of those neighbors. Notwithstanding this, appellant would have us find that the evidence was insufficient to permit a determination that appellant had possessed the intent to commit murder. This Court cannot so find. Unlike *Commonwealth v. Ellis*, 349 Pa. 402, 37 A. 2d 504 (1944), an attempted rape case where the circum-

---

[1] The statute in effect at the time of the offense, Act of 1939, June 24, P. L. 872, §711, 18 P.S. §4711, reads in pertinent part as follows: "Whoever . . . shoots at any person, or, by drawing a trigger or in any other manner, attempts to discharge any kind of loaded arms at any person . . ., with intent to commit the crime of murder, although no bodily injury is effected, is guilty of felony, and shall be sentenced to pay a fine not exceeding three thousand dollars ($3,000), or undergo imprisonment, by separate and solitary confinement at labor, not exceeding seven (7) years, or both."

stances indicated no intention on the part of the defendant to commit any felonious act, and unlike *Commonwealth v. Young*, 446 Pa. 122, 285 A. 2d 499 (1971) where the evidence merely indicated that *random* shots had been fired (not in the direction of any person), the fact that appellant here actually "pointed" the gun and narrowly missed hitting someone was sufficient to permit the trier of fact to infer that appellant possessed the requisite intent to commit murder.

As the Supreme Court of New Jersey aptly put it in 1793:

"The designs of the heart can rarely be proved in a direct manner by the testimony of witnesses. When a man designs to perpetrate a scheme of wickedness, he seldom communicates his intention unless to an accomplice; hence the intent must in most cases be collected from the circumstances. These may sometimes prove deceptive; but when, without any forced construction, they speak the intention in a language clear and intelligible, they may be relied on as the best evidence which the nature of the case will admit of.

"It is impossible to lay down any general rule, or to declare from what circumstances particular intentions are to be inferred. No two cases are exactly similar . . . ."[2]

Judgment of sentence affirmed.

---

[2] 1 Am. Dec. 216, 219 (N.J. 1793), cited in 162 Pa. Superior Ct. 622, 624, 60 A. 2d 419 (1948).

---

DISSENTING OPINION BY PRICE, J.:

I respectfully dissent from the majority opinion. Reviewing the evidence presented in the light most favorable to the Commonwealth, *Commonwealth v. Young*, 446 Pa. 122, 285 A. 2d 499 (1971), that evidence is simply insufficient to establish the requisite intent to convict this appellant of the charge of attempt with

intent to kill.[1]  In my view the record is woefully inadequate to establish this necessary element.

It is true that the trial judge described this incident as a Dodge City-type neighborhood quarrel (NT 29). However, the Commonwealth failed to establish that there was any quarrel at all; and indeed, on at least one occasion, the trial judge sustained objections to efforts to develop the events, if any, that led to the discharge of a gun by the appellant (NT 10).

While it is true that such intent can be inferred from circumstances, *cf. Commonwealth v. Reynolds,* 208 Pa. Superior Ct. 366, 222 A. 2d 474 (1966), *Commonwealth v. DelMarmol,* 206 Pa. Superior Ct. 512, 214 A. 2d 264 (1965), such as the inflicting of a wound, the uttering of statements of intent, or repeated actions, there are no such facts or circumstances present in this record.

I would agree that this appellant was properly convicted of discharging a deadly weapon; however, such an offense, at the time of this offense, was a misdemeanor, carrying a maximum sentence of one year.[2]  I would, therefore, reverse the convictions for attempt with intent to kill and carrying firearms on a public street and remand the case for proper sentencing for the misdemeanor of discharging a deadly weapon.

HOFFMAN, J., joins in this dissenting opinion.

---

[1] Act of June 24, 1939, P. L. 872, Section 711 (18 P.S. §4711).

[2] Act of June 24, 1939, P. L. 872, Section 716 (18 P.S. §4716).