380 A.2d 897

COMMONWEALTH of Pennsylvania

v.

George CORBIN, Appellant.

Superior Court of Pennsylvania.

Submitted April 16, 1976.

Decided Dec. 2, 1977.

John J. Dean and Anthony J. Lalama, Asst. Public Defenders, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, and John J. Hickton, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On December 23, 1974, shortly before 1:30 A.M., Mr. Gerald M. Bluestone, the owner of a pharmacy in Pittsburgh, was awakened by a noise. Mr. Bluestone, who lived on the second floor above the pharmacy, looked out a back window and saw appellant George Corbin in the yard below the window. Mr. Bluestone went downstairs and stood with his ear about a foot from the back door and heard a scraping sound coming from the other side. Mr. Bluestone then called the police who arrived promptly and arrested appellant in the yard behind the pharmacy. Appellant was carrying a flashlight and a knife at the time he was arrested.

On May 23, 1975, appellant was tried before a judge and jury and was found guilty of attempted burglary and possession of a prohibited offensive weapon. Appellant was sentenced on July 29, 1975 to pay a fine of 6¼ cents and to

serve a term of one to five years imprisonment on the attempted burglary conviction, and was given five years probation, to begin at the expiration of the sentence for attempted burglary, on the prohibited offensive weapon conviction. On direct appeal to our court, appellant raised several issues which were not raised in post trial motions and are therefore waived. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Properly before us is appellant's challenge to the sufficiency of the evidence to sustain the two convictions.

Viewing the facts of this case in a light most favorable to the Commonwealth, *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974), it is clear that sufficient evidence was presented to convict appellant of attempted burglary. The owner of the pharmacy identified appellant in court as the man who had been tampering with the back door of his pharmacy at approximately 1:30 in the morning. A police officer testified that he responded to a call from the pharmacy found appellant in the yard back of the pharmacy carrying a knife and a flashlight. The yard was completely enclosed, accessible only from within the pharmacy or by means of a gate which faced the alley behind the pharmacy. The owner testified that the gate was closed when he went to bed at midnight. "A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. §§ 3502(a) and 901(a). The jury was justified in this case in finding that when appellant entered the enclosed yard behind the pharmacy and tampered with the door leading to the interior of the building, he performed an act which constituted a substantial step toward commission of the crime of burglary. Appellant's *intent* to commit a crime

could, of course, have been inferred from his actions in light of all the attendant circumstances. See *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1971) and *Commonwealth v. White*, 229 Pa.Super. 280, 323 A.2d 757 (1974).

■ It is clear that the Commonwealth must prove every element of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In the case before us, the Commonwealth neglected to offer into evidence the knife which had been taken from appellant at the time of his arrest, and the only information on record about the knife was in the testimony of the arresting officer:

Q. Do you have any idea how this can be formed, a knife such as this?

A. Well, not exactly, no.

Q. Is this generally sold, to the best of your knowledge?

A. No, ma'am.

Q. And this is scotch tape and some type of masking tape underneath?

A. Right.

The officer also testified that he found the knife in a scabbard inside appellant's jacket. A prohibited offensive weapon is defined in § 908 of the Crimes Code (in pertinent part) as a "dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way . . . , or other implement for the infliction of serious bodily injury which serves no common lawful·purpose." [1] The evidence presented, the quoted testimony of the police officer, was insufficient to prove that appellant George Corbin had been in possession of a weapon which came within § 908's definition of "offensive weapon"; the conviction must therefore be reversed.

The judgment of sentence on the charge of possession of an offensive weapon is arrested and on the charge of attempted burglary is affirmed.

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 908.

SPAETH, J., concurs in the result.

HOFFMAN, J., dissents based upon his opinion in *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).