415 A.2d 1246

**COMMONWEALTH of Pennsylvania**

v.

**Arvester JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed Dec. 14, 1979.

Robert I. Segal, Philadelphia, for appellant.

Sally H. DeMartini, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence is insufficient to sustain his convictions for attempted burglary, possession of an instrument of crime, and conspiracy. We agree and, accordingly, vacate judgment of sentence and discharge appellant on these charges.

On June 1, 1978, a court sitting without jury convicted appellant of attempted burglary, possession of an instrument of crime, and conspiracy. After denying post-verdict motions, the trial court sentenced appellant to three years probation for attempted burglary. This appeal followed.

■ Police officers responding to a radio call spotted appellant and his brother, Eric, standing in front of a store entrance at about 11:15 on a rainy night. Appellant faced the door about a foot away while Eric, standing in the rain, looked towards the street. As the patrol car approached, the pair began to walk away. The officers noticed a screwdriver wedged into the door jam and immediately arrested the two men. Further investigation revealed fresh jimmy marks around the door jam.

This evidence is insufficient to support conviction for attempted burglary. There was no direct evidence that either man had committed a criminal act. The police did not see appellant touch the door, use the screwdriver, or perform any motions indicating usage. No fingerprints were found at the scene. Neither man was carrying burglary tools. Although guilt can be proved entirely by circumstantial evidence, the only circumstances here were presence at the scene of an attempted crime during late night hours and flight following arrival of the police. Our Supreme Court has held that these circumstances do not justify conviction for attempted burglary. *See Commonwealth v. Goodman,* 465 Pa. 367, 350 A.2d 810 (1976). In the absence of any evidence linking appellant to the attempted burglary, we must discharge appellant on this charge. *Compare id.* (man carrying box of frozen meat emerged at 3:00 a. m. from common doorway of meat store and apartment, followed by defendant, who fled at sight of police; evidence insufficient because defendant could have come from apartment and was not linked to man carrying box) *and Commonwealth v. Smith,* 264 Pa.Super. 303, 399 A.2d 788 (1979) (witnesses saw defendant standing near window frame seconds after they heard sound of glass breaking, after which defendant walked away; although police discovered signs of attempted

entry at window, evidence insufficient for attempted burglary) *with Commonwealth v. Eddington*, 255 Pa.Super. 25, 386 A.2d 117 (1978) (burglary verdict upheld on evidence that police, at 2:30 A.M. on rainy night, saw man place stolen goods by defendant's car near alley entrance to burgled premises, then observed defendant and the other man walk off after the man noticed arrival of police), *and Commonwealth v. Corbin*, 251 Pa.Super. 512, 380 A.2d 897 (1977) (evidence sufficient for attempted burglary where witness saw defendant at 1:30 A. M. tampering with back door of premises accessible only from the premises or locked alley gate).

■ Similarly, the evidence is insufficient to sustain conviction for possession of an instrument of crime. The fact that appellant was near the screwdriver does not substitute for evidence indicating that he used the screwdriver or had constructive possession of it. *Compare Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973) (evidence insufficient where police officer discovered screwdriver in sand pile in which defendant appeared to place object after emerging from doorway of store whose window had been pried open) *with Commonwealth v. Dionisio*, 178 Pa.Super. 330, 116 A.2d 109 (1955) (burglary tools discovered in defendant's home; evidence sufficient).

■ Sufficient evidence also does not exist to support conviction for conspiracy. The facts and circumstances of the case show neither a criminal agreement nor an overt act in furtherance of a criminal agreement. *See* 18 Pa.C.S.A. § 903. In *Commonwealth v. McCoy*, 209 Pa.Super. 399, 228 A.2d 43 (1967) (allocatur denied), this Court upheld a conviction for conspiracy where a witness observed the defendant and a second man inside a telephone booth and a third man standing outside, the men attempted to flee upon arrival of the police and the officers found a screwdriver inside the booth near a damaged phone. There, however, the witness also saw the men in the booth break the ceiling light and the man outside, upon approach of the police, tapped on the booth, said "make it," and ran. Destruction of the ceiling

light and the actions of the third man provided the overt acts indicating a criminal agreement. No such evidence exists here.

Judgment of sentence vacated and appellant discharged.