428 A.2d 1000

**COMMONWEALTH of Pennsylvania,**

v.

**Anthony BEAUFORD, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed April 20, 1981.

298

---

Karl Baker, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

BROSKY, Judge:

Appellant, Anthony Beauford, age 17, was held delinquent after he was convicted of charges of attempted burglary, criminal trespass and criminal conspiracy. Post-trial motions were denied, and Beauford was placed on probation. In this appeal, Beauford contends that the trial court had insufficient evidence to convict him. The trial court denied appellant's motion for a new trial and arrest of judgment. We remand to the trial court.

* Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

A Philadelphia police officer, Edward Dillon, discovered three males at Bill's Beer Distributor in Philadelphia at 1:22 a. m. The police had been notified of allegedly suspicious conduct by persons at that location. The arresting officer went there in response to a radio message. Officer Dillon testified:

> Upon arriving at this location I observed three black males on the front steps with their backs turned facing the doorway; at which point upon applying my brakes, I observed one defendant, later identified as the defendant, Mr. Beauford, run west, excuse me, run east on the south sidewalk up onto the front porch of the location 2062 West Indiana Avenue.
>
> At which time, I jumped out of my patrol vehicle, ran up on the front porch and apprehended Mr. Beauford.

Officer Dillon later returned to Bill's Beer Distributor where he discovered the front door had been jimmied open and a window of that door smashed. The record contains no evidence which indicates that persons witnessed appellant breaking the glass or jimmying the door. The trial court's decision, therefore, was based entirely upon circumstantial evidence.

The operative language in Officer Dillon's statement is, "I observed three black males on the front steps with their backs turned facing the doorway...(.)" It is not entirely clear from this statement which way the three individuals were facing. However, the record appears to indicate that they were facing toward the doorway. Even if we accept the position that they were facing the doorway, we are still faced with the absence of any facts in the record demonstrating that the Commonwealth possessed any evidence indicating that the three persons found on the doorstep had jimmyed the door open. Thus, the Commonwealth's case lacked any evidence connecting the appellant with the crimes he allegedly committed.

This court shall review all the findings of the trial court in a light most favorable to the Commonwealth. *Commonwealth v. Blackburn*, 272 Pa.Super. 1, 414 A.2d 638 (1979).

We review the evidence accepting it and all reasonable inferences arising from it as true to determine that such evidence was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Jefferson*, 271 Pa.Super. 199, 412 A.2d 882 (1979). The burden of the Commonwealth may be sustained by wholly circumstantial evidence. *Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873 (1977). Nevertheless, the trial court's finding must be based upon more than a mere suspicion or conjecture. *Commonwealth v. Rambo*, 488 Pa. 334, 412 A.2d 535 (1980).

We are well aware that mere presence at the scene of a crime presents insufficient evidence to sustain a verdict. *Commonwealth v. Bailey*, 448 Pa. 224, 292 A.2d 345 (1972). Clearly, flight from the scene of a crime does not make one's presence there sufficient basis upon which a court may convict a defendant. *Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976). Therefore, our decision today hinges on the presence or absence of additional facts providing sufficient grounds for the trial court's verdict. Several cases recently decided by this court make the resolution of this task easier.

In *In re Gonzales*, 255 Pa.Super. 217, 386 A.2d 586 (1978), police apprehended a man fleeing from the scene of a crime when they discovered him running across rooftops which were in close proximity to a burglarized jewelry store. We held that evidence of his unexplained presence on a rooftop was sufficient to support a conviction for burglary. Our facts are quite different. Here, the appellant ran to a porch. We can hardly hold such an act was as suspicious as leaping across rooftops. Our case is also unlike *Commonwealth v. Cimaszeski*, 447 Pa. 141, 288 A.2d 805 (1972), where police arrested two men fleeing from a building. There, the police saw the men leave from *within* the building and run down a back alley. Here, the police saw only appellant run from *in front* of a building.

Our case is very similar to *Commonwealth v. Keller*, 249 Pa.Super. 384, 378 A.2d 347 (1977), where police arrested Keller based upon evidence that he and two other men were

fleeing from a car wash where several coin-operated vacuum cleaning machines had coins taken from coin boxes. All evidence was circumstantial. No one saw Keller take the coins. We held:

> ... The most that the Commonwealth has established to prove appellant's involvement is his presence at a car laundry and his flight therefrom. [Footnote omitted.] As our Supreme Court stated in *Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976) ..., 465 Pa. at 371, 350 A.2d at 812 "the evidence is as consistent with inference that appellant innocently happened upon the scene and fled out of fear as it is with the inference that appellant was a participant in the [crime].

Id., 249 Pa.Super. at 388–389, 378 A.2d at 349–350.

We are unpersuaded that the additional facts that the juvenile-appellant ran to a porch rather than continuing down a sidewalk, or the late hour of the night makes the trial court's decision sufficiently based in fact. The appellant could for any number of reasons have been standing on a doorstep talking with friends late at night. Certainly, a more reasonable inference would be that appellant and his companions would have retreated to other less suspicious surroundings had they in fact recently committed a crime.

Appellant's flight is not inconsistent with the sense of fear that a person of appellant's age might experience in such a situation. We would, therefore, conclude that the conviction may not stand.

Finally, the record at no place discloses any evidence indicating police saw the appellant jimmy the door, motion in a way to indicate he was attempting to force the door open. No burglary tools were discovered. There were no fingerprints found. Accordingly, there is insufficient evidence to link the appellant to the crime. *Commonwealth v. Johnson*, 272 Pa.Super. 375, 415 A.2d 1246 (1979).

Order reversed and appellant discharged.

CIRILLO, J., files dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. It is clear from the officer's testimony that the three men were facing the property with their backs turned towards him. It is also important to observe that they were actually standing on the steps of the property and were not merely near the door which had been jimmyed and smashed. When the officer approached, the defendant fled the scene of the crime. It is well settled that flight and/or concealment may be considered evidence of guilt in connection with other proof: *Commonwealth v. Cerzullo*, 175 Pa.Super. 330, 337, 104 A.2d 179, 186 (1954); *Commonwealth v. DelGiorno*, 303 Pa. 509, 518, 154 A. 786, 795 (1931); *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978). Here, we have flight coupled with the fact that the defendant was actually on the steps of the property, facing the door which had been jimmied. The case cited by the majority is *Commonwealth v. Keller*, 249 Pa.Super. 384, 378 A.2d 347 (1977), which is clearly distinguishable from the present case; since in that case, the defendant was not placed near the coin machines which had been rifled.

I would affirm the Court below.