David ALMEIDA

v.

Glen R. JEFFES and the Attorney General of the State of Pennsylvania and the District Attorney of Philadelphia County.

Civ. A. No. 83–1725.

United States District Court, E.D. Pennsylvania.

July 5, 1983.

David Almeida, pro se.

Steven J. Cooperstein, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before the court is a *pro se* petition for habeas corpus filed by David Almeida who is presently serving a 17–40 year sentence at Graterford Prison. The petitioner has also filed an application to proceed in forma pauperis but has paid the filing fee.

The petitioner was tried in the Court of Common Pleas for the County of Philadelphia in April 1978. He was found guilty by a jury of robbery, burglary, aggravated assault and criminal conspiracy. Following the denial of post-verdict motions, petitioner appealed to the Superior Court of Pennsylvania.

Petitioner was represented by an attorney in his appeal to the Superior Court. That attorney was not the same person who represented Almeida at trial. In the brief submitted by petitioner's attorney, it was argued that the trial judge erred in his instruction to the jury with respect to accomplice testimony. Petitioner himself also placed before the Superior Court a pro se supplement to counsel's brief claiming that his counsel at trial was ineffective for allegedly failing to preserve objections to the court's instruction. A panel of the Superior Court granted a new trial, finding the court erred in its instruction to the jury and that trial counsel was ineffective.

The Commonwealth sought and was granted en banc reargument. The Superior Court en banc affirmed petitioner's conviction, finding no error in the court's charge to the jury. The court also found trial counsel had not waived objection to the court's instruction, thereby making the issue of effectiveness of counsel moot.

Petitioner then filed a pro se application for allowance of appeal with the Pennsylvania Supreme Court which was denied. In his application for allowance of appeal, petitioner again alleged that the trial court erred in its instruction to the jury concerning accomplice testimony. Petitioner also claimed he was denied effective assistance of counsel on appeal.

 In his petition for habeas corpus to this court, petitioner alleges, inter alia, that he was denied effective assistance of counsel at trial. Although this issue was raised in petitioner's pro se supplemental Superior Court brief, none of the grounds upon

which petitioner alleges ineffective assistance at trial were raised in his petition to the Pennsylvania Supreme Court. Petitioner has therefore failed to exhaust his available state remedies with respect to this issue. Where a habeas corpus petition contains exhausted and unexhausted claims, the court must dismiss the petition. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Upon dismissal, a petitioner may either return to state court with his or her unexhausted claims or proceed in federal court with the exhausted claims.

■ Although the Superior Court did not address several grounds petitioner set forth supporting his claim of ineffective assistance of trial counsel, exhaustion "does not require that the state courts have actually ruled on the merits of the claims, but merely that they have had those contentions presented to them." *Ray v. Howard,* 486 F.Supp. 638 (E.D.Pa.1980). Petitioner's allegations of ineffective assistance of counsel were therefore exhausted with respect to the Superior Court. Thus, he would be required to return to the Supreme Court.

The exhaustion rule is one of comity, "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy, supra,* 455 U.S. at 518, 102 S.Ct. at 1203. However, "[t]he comity policy underlying the exhaustion doctrine is satisfied where no state remedies are then available to a habeas corpus petitioner." *Choice v. Pennsylvania Board of Parole,* 448 F.Supp. 294, 296 (M.D.Pa.1977); see also *United States ex rel. Johnson v. Johnson,* 531 F.2d 169, 173 (3d Cir.1976).

■ Although the petitioner failed to exhaust all his claims before the Supreme Court, if his petition is dismissed, he will be foreclosed from pursuing a remedy in state court. Under Rule 1113 of the Pennsylvania Rules of Appellate Procedure, "a petition for allowance of appeal shall be filed with the prothonotary of the Supreme Court within 30 days after entry of the order of the Superior Court...." Because thirty days have passed since the order of the Superior Court was entered, if petition-

er is forced to go back to the Supreme Court, he will be barred by the limitation period. In such circumstances, the exhaustion requirement is satisfied.

■ Petitioner's failure to exhaust his claims with respect to effectiveness of trial counsel raises the issue of whether he deliberately bypassed state remedies. A "federal habeas corpus judge may in his discretion deny relief to an applicant who has *deliberately* bypassed the orderly procedure of the state courts, on the ground that in so doing he has forfeited his state court remedies." *Choice v. Pennsylvania Board of Parole, supra,* at 296; quoting *Humphrey v. Cady,* 405 U.S. 504, 517, 92 S.Ct. 1048, 1056, 31 L.Ed.2d 394 (1971) (emphasis supplied). In view of the fact petitioner was not represented by counsel in drafting his petition to the Supreme Court and because his focus appears to have been guided by the issues addressed by the Superior Court en banc, we conclude his failure to exhaust his state remedies was not deliberate.

Because petitioner's state remedy is unavailable and because we have concluded he did not deliberately bypass state remedies, the court will address petitioner's claims on the merits.

Initially, petitioner contends that the trial court's instruction to the jury with respect to accomplice testimony was erroneous, constituting a denial of due process. "[A]s a general rule, errors in instructions of a trial court to a jury in a state criminal trial are not reviewable in federal habeas proceedings.... They are not constitutional errors unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." *Long v. Smith,* 663 F.2d 18, 23 (6th Cir.1981).

■ Because of the inherent unreliability of accomplice testimony, such testimony is to be scrutinized with great care. *Commonwealth v. Almeida,* —— Pa.Super. ——, 452 A.2d 512, 518 (Pa.Super.1982). "[I]f the testimony of an accomplice is corroborated, then the testimony may be considered more dependable, and received as ordinary evidence ... and finally, the testimony of one

accomplice may not be used to corroborate the testimony of another accomplice." *Id.* 452 A.2d at 518. In his charge to the jury with respect to the above, the trial judge stated:

It is important, too, that you properly evaluate the testimony of Florence Gorman and Marie Rodriquez, both of whom testified for the Commonwealth and admitted that they were part and parcel of this crime, and that they pleaded guilty to the crimes eminating [sic] from this incident. When you come to assess their testimony, in your evaluation it is important that you are mindful of this that they are accomplices. The law requires that you scrutinize their testimony with care. The reason for this is that the testimony of an accomplice is deemed to be eminating from a corrupt or criminal source. In evaluating their testimony, you will also consider whether their testimony is corroborated from other sources. If you find that the testimony that they gave is corroborated from other sources and you find that in the other evidence, then your concern about their testimony is not as great. If you find corroboration from the other evidence, then you will not apply the special rule that you are to give special scrutiny and special care to their testimony. The ordinary standards of credibility then apply. (N.T. 79–80, 8/29/78)

■ Petitioner contends the instruction was erroneous for it allowed the jury to use the testimony of one accomplice to corroborate the testimony of the other. We disagree. The court's instruction did not allow the testimony of one accomplice to corroborate the testimony of the other. "The judge admonished the jury to view 'their testimony' with great scrutiny, and to determine whether it was corroborated by 'other evidence' in the record." *Commonwealth v. Almeida, supra,* 452 A.2d at 516. Consequently, the court's instruction did not deprive petitioner of a fair trial.

■ Petitioner next contends that his trial counsel waived objection to the above instruction, and that he was therefore denied effective assistance of counsel. However, we agree with the Superior Court that objection was not waived. Error may be preserved for appellate review in two ways. "First, if a written point for charge is submitted and rejected and raised in post-verdict motions ..." *Commonwealth v. Wilds,* 240 Pa.Super. 278, 362 A.2d 273, 276 (Pa.Super.1976). Petitioner's counsel submitted a written point for charge with regard to accomplice testimony. Although the court did not expressly reject the requested instruction, "his omission of this point from the charge, even after counsel objected to the corroboration parts of the charge, manifested a rejection of the point sufficient to preserve the issue for appeal." *Commonwealth v. Almeida, supra,* 452 A.2d at 515. Counsel for petitioner also raised the issue in post-verdict motions.

Because we find there was no waiver, petitioner's claims of ineffective assistance of counsel at trial and on appeal are without merit. Even if trial counsel did waive objection to the court's instruction, there was no prejudice to the petitioner for we have already determined that the court's instruction was adequate.

■ Petitioner cites several other grounds for ineffective assistance of trial counsel. For the reasons that follow, we find petitioner's claims without merit. Petitioner first claims his trial counsel failed to object to testimony elicited with regard to newspaper accounts of the robbery. As noted by the Court of Common Pleas, however, petitioner's counsel did object to cross-examination of the first witness as to said newspaper accounts. Although defense counsel did not object to similar cross-examination of a second witness, the Commonwealth was within bounds in eliciting testimony as to the newspapers accounts for the purpose of determining "how the alibi witness is able to recall a particular date in the past when the witness said he was with defendant." *Commonwealth v. Almeida,* Court of Common Pleas of Philadelphia, Nos. 1167–1173 (April Term 1978). Petitioner's counsel, in turn, was not required to "raise baseless or frivolous issues." *Com-*

monwealth v. Wilson, 482 Pa. 350, 393 A.2d 1141, 1143 (Pa.1978).

■ Petitioner next contends trial counsel was ineffective for failing to object to the introduction into evidence of prior consistent statements of two prosecution witnesses. Because the admission of the evidence was proper for the purpose of rehabilitating the credibility of the witnesses, Keefer v. Byers, 398 Pa. 447, 159 A.2d 477 (Pa.1960), counsel was not remiss in failing to object.

■ Petitioner's third claim is that trial counsel did not object to the court's charge that criminal intent could be inferred from the defendant's actions, conduct, and surrounding circumstances. Because petitioner's criminal intent "could ... have been inferred from his actions in light of all the attendant circumstances," Commonwealth v. Corbin, 251 Pa.Super. 512, 380 A.2d 897, 899 (Pa.Super.1977), petitioner's claim is without merit.

■ Lastly, petitioner avers that trial counsel was ineffective for failing to object to "hearsay testimony of non-coconspirators; and defendants; and counsel was ineffective by arguing to the jury that there were drugs being sold out of the Almeida house....." (Petitioners brief pp. 18–19). These claims are merely conclusory. Furthermore, petitioner fails to point to those parts of the record that would aid this court in disposing of these matters. Where a petition for habeas corpus fails to state sufficient facts to allow the court to dispose of the claims on the merits, the petition will be dismissed. United States v. Cavell, 276 F.Supp. 592 (W.D.Pa.1967).

For the reasons stated above, petitioner's petition for writ of habeas corpus is denied.