495 A.2d 554

**COMMONWEALTH of Pennsylvania**

v.

**Kevin OTTO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 3, 1985.

Filed June 21, 1985.

458

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Appellant seeks discharge of his convictions for attempted burglary and criminal trespass. He argues (1) that the lower court erred in denying his motion to supress the policeman's observation of blood on his (appellant's) hand; and (2) that the evidence was insufficient to sustain appellant's convictions. After carefully reviewing the record and the briefs in this case, we reject appellant's contentions.

■ The record of appellant's suppression hearing establishes the following facts.[1] At approximately 1:05 a.m., May 14, 1981, policeman Paul Busillo received a radio call of a broken window at a drugstore in the Haregate Shopping Center. Minutes later he arrived at the shopping center and observed two men three to four feet from the broken window and facing toward it. Appellant was identified in court as one of these men.

The officer watched the men turn toward his car. They then walked away from the window and in front of his car. The officer called the men to him and asked them about the window. Both men responded that they had seen the window but that they didn't know anything about it. At this point, the men were standing seventy-five to one hundred feet from the broken window. The officer said, "Let's go back to the window and check it out." Appellant and the other man walked back to the window. The officer, with

---

1. In a suppression motion, the Commonwealth bears the burden of proving by a preponderance of the evidence that the challenged testimony is admissible. Pa.R.Crim.P., Rule 323(h), 42 Pa.C.S.A.; *Commonwealth v. Brown,* 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977). If the suppression motion has been denied, the appellate court "will consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Id.,* 473 Pa. at 566, 375 A.2d at 1262, quoting *Commonwealth v. Kichline,* 468 Pa. 265, 280, 361 A.2d 282, 290 (1976).

one hand on his night stick and the other on his gun, followed them.[2]

The officer testified that he looked at the broken window and saw blood on the glass. He then observed blood on appellant's hand. At that point, the officer placed appellant and the other man in custody.

Arguing that he had been detained when the officer walked him to the broken window, appellant moved to suppress the officer's observations of his (appellant's) bloody hand. The lower court denied the motion. Appellant was tried and convicted of attempted burglary and criminal trespass. His post-verdict motions denied, appellant was sentenced to two to four years imprisonment. This appeal followed.

We agree with appellant that the officer's actions, causing appellant to walk with him some 75 or 100 feet back to the broken window, constituted a "stop" implicating Fourth Amendment considerations. *See Commonwealth v. Jones,* 474 Pa. 364, 372–373, 378 A.2d 835, 840 (1977), cert. denied, 435 U.S. 947 (1978) (asking what "a reasonable man, innocent of any crime, would have thought had he been in the defendant's shoes"). Appellant contends that the officer, by directing appellant's actions, effected an illegal arrest. The lower court, rejecting that contention, concluded that the officer observed the appellant's bloody hand in the course of a legal investigatory stop. For the reasons below, we find that the lower court properly denied appellant's motion.

■ To test the legality of a stop absent probable cause to arrest, we ask "whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances that justified the interference in the first place." *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). The central inquiry, we must emphasize, is the reasonableness under all the circum-

**2.** The officer had flipped off the leather strap holding the gun in its holster.

stances of this particular governmental invasion of appellant's personal security.  *Id.* at 19, 88 S.Ct. at 1878.

██  In the instant case, the officer responding to a late night report of a broken window found two men standing before the four to five foot break.   The men looked toward the officer, then walked away from the broken window.   At that point, the officer could reasonably have suspected that criminal activity was afoot.  *See Commonwealth v. Williams,* 298 Pa.Super. 466, 444 A.2d 1278, 1280 (1982).   The initial stop was justified.

We turn then to the second inquiry, the propriety of the officer's actions subsequent to the initial stop.   "And in making that assessment it is imperative that the facts be judged against an objective standard:  would the facts available to the officer at the moment of seizure or the search warrant a man of reasonable caution in the belief that the action taken was appropriate?"  *Id.* 392 U.S. at 21–22, 88 S.Ct. at 1880.   The officer standing alone with the men in a deserted parking lot needed to maintain the status quo while he looked at the broken window.   Briefly detaining the men and requiring them to accompany him to the window seems a reasonable course of action under the circumstances of this case.[3]

We find no merit to appellant's remaining claim.   Appellant challenges the sufficiency of the evidence to sustain his convictions for attempted theft and criminal trespass.   Sitting on appeal, we must view the evidence in the light most favorable to the Commonwealth as verdict winner.  *Commonwealth v. Green,* 464 Pa. 557, 347 A.2d 682 (1975).   We ask whether, accepting as true all the evidence all reasonable inferences therefrom upon which if believed the finder of fact could properly have based its verdict, it is sufficient

3.  We note that appellant never resisted the officer.   Appellant's acquiescence first in approaching the officer then in accompanying him back to the window would support a finding that the officer's actions were legal under the circumstances of this case.   The officer, of course, failed to advise the men that they could refuse his directive to return to the window.  *See Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1972).

in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes for which he has been convicted. *Commonwealth v. Bayard*, 453 Pa. 506, 509, 309 A.2d 579, 581 (1973).

Appellant's argument reduces to two contentions, that "mere presence" is not enough and that intent was never established. With respect to appellant's first claim, it is true that proof of the mere presence of a person at the scene of a crime does not establish that person's guilt. *Commonwealth v. Weaver*, 309 Pa.Super. 509, 455 A.2d 1199 (1982). Something more is needed. There must be additional facts which point to that individual's active participation in the crime. *Commonwealth v. Smith*, 490 Pa. 374, 416 A.2d 517 (1980). In the instant case, we find proof of participation in the blood on the broken window and the blood on appellant's hand.

In the alternative, appellant argues that the Commonwealth has established at most a case of criminal mischief. Again, we disagree. The requisite intent to enter the building and commit a crime therein may be reasonably inferred from a concurrence of factors including the hour, the location and the size of the opening. We are satisfied that the Commonwealth has met its burden.

Judgment of sentence affirmed.

## THE COURT OF COMMON PLEAS

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

## CRIMINAL TRIAL DIVISION

## JUNE SESSION, 1981

NOV 21 1984

## OPINION

### FACTUAL BACKGROUND

This appeal is from judgments of sentence for Attempted Burglary, 18 Pa., C.S. § 901 and Criminal Trespass, 18

Pa.C.S. § 3503. The appellant challenges, specifically, a ruling against his motion to suppress certain evidence proferred by the Commonwealth and the sufficiency of the evidence that persuaded this court to find him guilty of the above charges.

This court heard evidence and arguements presented by the Commonwealth and defense counsel at the suppression hearing and, in accordance with the applicable Rules of Criminal Procedure, denied the motion to suppress. The defendant waived his right to a trial by jury and pled not guilty to all charges. At trial, this court, on motion by the Commonwealth, incorporated the admissible evidence from the suppression hearing and heard additional evidence submitted by the Commonwealth and the defense. The court found Mr. Otto guilty of the aforementioned charges, denied his post-verdict motions and sentenced him to two to four years in the county prison.

The following facts were established at the suppression hearing and incorporated by reference into the trial record.

On May 14, 1981, at approximately 1:05 a.m., policeman, Paul Busillo, received a radio call of a broken window at a drug store in the Haregate Shopping Center (N.T. 9). He arrived minutes later in a marked patrol car and observed two males, who were three to four feet from and facing the drugstore's broken window. The appellant was identified in court as one of those males. The officer watched the men turn from the window and towards the direction of his patrol car as it pulled into the parking lot (N.T. 11). They then walked away from the window and in front of the patrol car where Officer Busillo, his suspicions aroused, asked them about the window and whether they would walk with him to it. The co-defendants walked with the officer towards the window and as they approached it, the officer noticed that the appellant's hand was cut and bleeding. When they reached the drugstore window, the officer observed what he concluded to be blood on the inside and outside of the broken store window. At that point, the defendants were placed into custody. The appellant argued

that he was unlawfully detained when the officer accompanied him to the broken window and that the officer's observations of his bloody hand were suppressable as tainted fruit of the officer's illegality. The argument was rejected and the motion to suppress was denied.

At trial, this court heard further testimony from the Commonwealth's witness and from defense witnesses. The officer testified that the store was closed for business. He also testified that there was a four feet by five feet area broken out of the window; an area of the window that a person could definitely climb through to get into the store. A small counter and the store's showcases were next to the area where the store window was broken.

## LEGAL ANALYSES

An order denying a motion to suppress shall be upheld on review if the factual findings of the lower court are supported by the record and the legal conclusions drawn therefrom are not in error. *Commonwealth v. Trenge,* 305 Pa.Super. 386, 451 A.2d 701 *Commonwealth v. Jackson,* 497 Pa. 591, 595, 442 A.2d 1098, 1100 (1982). This court believes there is uncontradicted evidence to support its factual finding that the officer observed the appellant's bloody hand in the course of a legal investigatory stop. It is clear that, in appropriate circumstances, a police officer is free to approach a citizen and address questions to him. *See, e.g., Commonwealth v. Berrios,* 437 Pa. 338, 263 A.2d 342 (1970). The Supreme Court approved the procedure whereby a police officer might detain an individual for a short period of time if the officer suspected that the individual had engaged or was presently engaging in criminal activity, notwithstanding the fact that his suspicion did not rise to probable cause to arrest that individual. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). It is contended, here, that the officer could point to and relied on specific and articuable facts which, taken together with the rational inferences from those facts, reasonably justified the brief detention of the appellant for

investigatory purposes. *See, Commonwealth v. Williams,* 287 Pa.Superior Ct. 19, 429 A.2d 698, *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). The police officer responded, within minutes, to a radio call of a broken store window and upon arriving at the scene observed the appellant and another male directly in front of and only a few feet from the broken window. They turned in the direction of the officer's patrol car as it entered the parking lot and then, walked away from the store window and in front of the car. The totality of the circumstances, including the message in the radio call, the position of the appellant in relation to the broken store window, and his movement away from the window as the patrol car approached the scene led the officer reasonably to conclude in light of his experience that criminal activity may be afoot. The brief detention and interrogation of the appellant for investigatory purposes were appropriate under these circumstances. After the officer lawfully stopped the appellant, he observed, in plain view, the appellant's bloody hand. The observation, therefore, was evidence obtained as the fruit of a legal stop even though there was no probable cause to make an arrest. *Commonwealth v. Williams, supra.* Accordingly, this court believes that the motion to suppress was properly denied.

We turn now to the appellant's remaining contentions, which solely concern the sufficiency of the evidence upon which he was convicted.

On appeal from a criminal conviction, the test for evaluating the sufficiency of the evidence is whether, viewing the entire record in the light most favorable to the Commonwealth, a finder of fact could reasonably have found that all elements of the crime charged had been proved beyond a reasonable doubt. *Commonwealth v. Lowe,* 460 Pa. 357, 358, 333 A.2d 765, 766 (1975), *Commonwealth v. Lee,* 450 Pa. 152, 299 A.2d 640 (1973). The Commonwealth may sustain its verdict by means of wholly circumstantial evidence. *Commonwealth v. Dawson,* 464 Pa. 254, 346 A.2d 545 (1975). The credibility of witnesses and the weight to

be accorded the evidence produced are matters within the province of the trier of fact; the fact finder is free to believe all, some, or none of the evidence. *Commonwealth v. Smith*, 502 Pa. 600, 467 A.2d 1120, 1122 (1983).

The crimes charged here are defined as follows: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901. "A person commits the offense of Criminal Trespass if, knowing that he is not licensed or privileged to do so, he breaks into any building or occupied structure or separately secured or occupied portion thereof." 18 Pa.C.S. § 3503. We have, here, more than a mere suspicion or conjecture. *See, Commonwealth v. Rambo*, 488 Pa. 334, 412 A.2d 535 (1980). The facts in the case at bar show that a window was broken, there was blood on the hand of the appellant, blood on the broken window, and the broken area of the window was large enough for a person to enter the store through it. The Superior Court has held that when one enters a building by force, he did so with the intent to commit a crime therein. *Commonwealth v. Tingle*, 275 Pa.Super. 489, 419 A.2d 6, 9 (1980); *Commonwealth v. Lynch*, 227 Pa.Super. 316, 323 A.2d 808, 810 (1974). It is clear, a fortiori, that when one attempts to enter a building by knocking out an opening in a window of that building, it is with the intent to commit a crime inside. This court believes that the requisite elements of the above offenses are proven, circumstantially, where, as here, a person breaks the window of a closed drugstore at a time and place where there are few, if any, persons around to report a crime and the window breakage is sizable and accessible enough to permit the entry of that person into the store. This court recognizes that mere presence at the scene of a crime presents insufficient evidence to sustain a verdict and, therefore, points to additional facts which clearly distinguish the case at bar from the cases relied on by the appellant. In each case cited by the appellant, there was a dearth of evidence linking the defendant with any of the

acts that would constitute a substantial step towards the commission of a crime. *See, Commonwealth v. Smith,* 264 Pa.Super 303, 399 A.2d 788 (1979) (although appellant was seen standing some ten feet away from the premises looking towards it, a window was broken, a screen removed, and he was seen walking away from the scene a short time later, the evidence was insufficient for attempted burglary); *Commonwealth v. Johnson,* 272 Pa.Super. 375, 415 A.2d 1246 (1979) (Evidence that defendant was standing at 11:15 p.m. in front of store door, that a screwdriver had been wedged into the door jam and that the defendant began to walk away as a police patrol car approached was insufficient to sustain a conviction of attempted burglary; *Commonwealth v. Beauford,* 286 Pa.Super. 297, 428 A.2d 1000 (1981) (Evidence that juvenile defendant was observed late at night standing in front of the beer distributor's door, which was later discovered to have been jimmyed open and the juvenile ran upon the approach of the police officer was insufficient to sustain a conviction for attempted burglary).

In the case before us, the appellant was less than four feet and not ten feet from the window when he was observed by the officer (as distinguished from *Smith,* supra). He was not a juvenile. Hence, it was unlikely that he walked away from the window when the officer approached the scene due to the unreasonable sense of fear that a younger person may experience (as distinguished from *Beauford,* supra).

There is a more specific and critical distinction between this case and the others, however, that provides sufficient grounds for this court's verdict. This distinction is the presence of facts that link the appellant's presence to the breaking of the window which, in turn, constitutes a substantial step towards the commission of the crime of burglary. The appellant's bloody hand and the blood stains on the broken window provide the nexus needed to sustain this conviction.

For the foregoing reasons, the court believes it ruled properly in denying the appellant's motion to suppress and that

the Commonwealth proved each and every element of the offenses charged beyond a reasonable doubt.

BY THE COURT:

/s/Braxton

J.