J. S69024/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PRINCE ZUAH, | : | No. 3545 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 31, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0015298-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　**FILED JANUARY 16, 2015**

Appellant, Prince Zuah, appeals from the judgment of sentence imposed following his convictions for theft by unlawful taking, receiving stolen property, unauthorized use of a motor vehicle, criminal mischief, and recklessly endangering another person ("REAP").  On October 31, 2013, appellant was sentenced to four years' reporting probation.  We affirm.

We summarize the evidence adduced at appellant's bench trial.  At trial, Philadelphia Police Officer Gary Jones testified that at approximately 4:45 a.m. on November 26, 2012, he was on patrol in the area of 67th Street and Chester Avenue when he was approached by complainant Corey Marshall ("Marshall"), who was very excited and "hollering at the top of his lungs," and pointing at a nearby church.  (Notes of testimony, 8/30/13 at 9-10.)  The officer observed that Marshall was pointing to two cars, a

black Mitsubishi Galant and a silver Chrysler Sebring that were "embedded" in the wall of the church. (*Id.* at 10-11.) Marshall reported that a person had stolen his car, jumped out of the car, and pointed a gun at him, at which point Marshall struck the person with his car. (*Id.* at 16.) Officer Jones put out a radio alert and backup officers arrived. (*Id.* at 12.)

Philadelphia Police Officer Mark Hagerty testified that when he arrived at 67th Street and Chester Avenue in response to the radio alert, he observed: Officer Jones and Marshall, the cars that were crashed into the church wall, and blood spots on the hood of the silver car. (*Id.* at 17-18.) During his search of the surrounding area, he also found blood spots on two adjacent fences on property belonging to an abandoned school and on a driveway. (*Id.* at 20-22.) Approximately 45 minutes after the incident, in a nearby alley about 100 yards from the location of the crashed cars, he observed appellant "walk out from behind [a] car and stand against a garage." (*Id.* at 22-23.) When police officers approached, blood was visible on appellant's hands, face, and shirt. Appellant was placed under arrest. (*Id.* at 25, 28.)

There were two 911 tapes played at trial. The trial court summarized the recordings as follows. The first recording revealed Marshall telling the radio dispatcher that his car had just been stolen. He explained that someone took the car while it was running in his driveway. Marshall described the car as a black 2003 Mitsubishi Galant. Marshall was cursing

and screaming during the call. He stated his books for school were inside his car, and he was not going to wait at his house for the police. While on the telephone with the 911 operator, Marshall was in his aunt's vehicle driving around, looking for his vehicle. (Trial court opinion, 2/20/14 at 2.)

The trial court summarized the second recording as follows. Marshall, while screaming, told the dispatcher that he had located his vehicle and was in pursuit. Marshall described striking the driver of his vehicle with his aunt's car. Marshall stated that after hitting the driver, he exited his vehicle and began to chase the suspect on foot. Marshall told the dispatcher that the suspect ran into the bushes. Marshall was breathing heavily while describing his location to the dispatcher. Upon questioning from the dispatcher, Marshall said the suspect pointed a gun at him before he struck the suspect with his vehicle. (*Id.*)

Marshall did not testify. On September 12, 2013, appellant was convicted of theft by unlawful taking, receiving stolen property, unauthorized use of a motor vehicle, criminal mischief, and REAP. The court acquitted appellant of carrying a firearm without a license, carrying a firearm in public, possessing an instrument of crime, and simple assault. On October 31, 2013, appellant was sentenced to four years' probation for theft by unlawful taking. No further penalty was imposed for the remaining offenses. This appeal followed. Appellant complied with the trial court's order to file a statement of errors complained of on appeal.

Appellant raises one issue for our consideration:[1]

> Was not the evidence insufficient as a matter of law to convict Appellant of theft by unlawful taking, receiving stolen property, criminal mischief, recklessly endangering another person, and unauthorized use of a motor vehicle where he was never identified as the perpetrator of the offenses, and the circumstantial evidence presented by the Commonwealth demonstrated only that he was in the vicinity of the crime, his own neighborhood, 45 minutes after it was reported?

Appellant's brief at 4.

The crux of appellant's argument concerns the failure of the victim, Marshall, to testify at trial. As a result, appellant contends the evidence was insufficient to convict him. Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire

---

[1] We note appellant has abandoned a second issue raised in his statement of errors complained of on appeal concerning the admission of the content of the 911 radio tapes.

record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jones***, 886 A.2d 689, 704 (Pa.Super. 2005), ***appeal denied***, 897 A.2d 452 (Pa. 2006) (citations omitted).

Appellant does not dispute that the evidence was sufficient to satisfy the elements of the crimes for which he was convicted. Instead, he argues only that the evidence was insufficient to prove that he was the person who committed those crimes. We disagree. Viewing the evidence in the light most favorable to the Commonwealth, the record indicates Marshall located his stolen car, pursued it, and struck it with his aunt's car. The thief left blood on the hood of Marshall's aunt's car and then fled "into the bushes" by the church. Upon their arrival at the scene, the police followed Marshall's direction and searched an alleyway finding more blood on the fences and in a nearby driveway. Police then discovered appellant, 100 yards from the crash site, with blood on his hands, face, and shirt. Based on the testimony, a fact-finder could reasonably infer, from appellant's proximity to the crash site and the blood on both the car and him, that he was the person who had stolen Marshall's car.

Appellant argues that without the victim's testimony, the Commonwealth could not prove he participated in the crime because the police "never saw [him] behind the wheel" of the victim's car. (Appellant's

brief at 11.) This argument fails as it is well settled that circumstantial evidence alone is sufficient to convict a person of a crime. ***See Commonwealth v. Davido***, 868 A.2d 431, 435 (Pa. 2005), ***cert denied***, 546 U.S. 1020 (2005). In ***Commonwealth v. Robertson***, 874 A.2d 1200, 1206 (Pa.Super. 2005), where the defendant was found guilty of robbery and other offenses, this court explained, "even if the Commonwealth presented only circumstantial evidence and offered no positive identification of the assailant," that evidence may be sufficient to prove appellant's guilt. Consequently, this claim does not provide a basis for relief.

Appellant also contends that his proximity to the crash site is "not determinative" because he lived "around the corner from where he was arrested." (Appellant's brief at 11.) Under our standard of review, we consider the totality of the circumstances and not isolated pieces of evidence. Appellant was not merely present in the early morning hours of November 26, 2012, but he had blood on his hands, face, and shirt, and he was located in the area where the victim directed the police.

The Commonwealth points out that appellant also demonstrated consciousness of guilt. Philadelphia Police Officer Mark Hagerty ("Hagerty") testified that while he was waiting for Officer Jones to finish his paperwork, he heard noise and then saw "shadows and movement behind a gold car that was parked in a driveway." (Notes of testimony, 8/30/13 at 23.) Hagerty then saw appellant "walk out from behind the car and stand up

against a garage that jutted out." (***Id.***) Hagerty stated at that time uniformed officers were walking down the street, and appellant turned his back to shield himself from the officers. (***Id.*** at 24.) Hagerty drew his firearm and ordered appellant to the ground. (***Id.***) By turning his back, one could infer appellant was trying to ensure the police did not see the blood on his face and shirt. We believe the sum of all the evidence dispelled any notion that appellant was an innocent bystander. ***See Commonwealth v. Otto***, 495 A.2d 554, 557 (Pa.Super. 1985) (finding "proof of participation" where police saw blood on both a broken window at the crime scene and on defendant's hand); ***Commonwealth v. Carpenter***, 479 A.2d 603, 605 (Pa.Super. 1984) (Evidence, including defendant's apprehension by police in vicinity of clothing store, his attempt to evade apprehension, presence of white plaster residue on his clothes, and his attempt to conceal his true identity following apprehension, was sufficient to support defendant's conviction of burglary, criminal trespass, and criminal conspiracy in connection with a breaking and entering at a children's clothing store.).

In conclusion, we agree that the circumstantial evidence was sufficient to establish appellant as the perpetrator of the crimes for which he was convicted. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015